UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES O'NEIL WIGGIN,

Plaintiff,

v.

RN SCHNEIDER, LT. MATTHEWS,
JOHN DOE SERGEANT,
DEPARTMENT OF CORRECTIONS,

Defendants.

No. C13-5884 RJB-KLS

**REPORT AND RECOMMENDATION
Noted for:  February 28, 2014**

Presently before the Court is the motion to dismiss of Defendants Karen Schneider (identified by Plaintiff as RN or Nurse Schneider),  Douglas Matthews (identified by Plaintiff as Lt. Matthews), Tianne Jones (identified by Plaintiff as Jane Doe Sergeant) and the Department of Corrections (DOC).  Dkt. 22.  Defendants seek to dismiss Plaintiff's First Amended Complaint (Dkt. 17) pursuant to Fed. R. Civ. P. 12 (c), Judgment on the Pleadings.  *Id.*  Plaintiff James O'Neil Wiggin opposes the motion (Dkt. 26) and moves to amend his complaint (Dkt. 29). Defendants also moved for an order staying all discovery pending resolution of their motion to dismiss.  Dkt. 24.  That motion was denied under separate Order.

Having carefully considered the motion, opposition, responses, and balance of the record, the Court finds that Defendants' motion to dismiss (Dkt. 22) should be **denied** and Plaintiff's motion to amend (Dkt. 29) be **granted.**

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 1(2c). Because "Rules 12(b)(6) and 12(c) are substantially identical," a motion for judgment on the pleadings is analyzed under the standard applicable to a motion to dismiss for failure to state a claim. *Strigliabotti v. Franklin Resources, Inc.*, 398 F.Supp.2d 1094, 1097 (N.D.Cal.2005). *See, Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980).

Judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989). In addition to considering the allegations of the complaint, the Court may also take into account materials to which it can take judicial notice. *Heliotrope Gen., Inc., v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir.1999). A Rule 12(c) motion for judgment on the pleadings may consequently be granted if, after assessing the complaint as well as matters for which judicial notice is proper, it appears "beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief ..." *Morgan v. County of Yolo*, 436 F.Supp.2d 1152, 1155 (E.D.Cal.2006), (*quoting R.J. Corman Derailment Services, LLC, v. Int'l Union of Operating Engineers, Local 150, AFL–CIO*, 335 F.3d 643, 647 (7th Cir.2003)). If, on a motion under Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

In their motion, Defendants rely on "extra" or "clarifying" facts in their Answer. The Answer is signed only by counsel and not under penalty of perjury. Dkt. 15. It would be inappropriate for this Court to consider Defendants' factual challenges as they have not been

REPORT AND RECOMMENDATION - 2

presented in an admissible form.  For example, Defendants allege that Defendant Schneider assessed the situation and called an ambulance, that Defendant Schneider advised staff to keep Plaintiff upright in order to prevent possible aspiration from occurring, and that medical staff attempted to clean and dress Mr. Wiggin's wounds before the ambulance arrived.  Dkt. 22, p. 2 (citing Dkt. 15 – Defendant's Answer).  In contrast, Mr. Wiggin alleges in the First Amended Complaint that Defendant Schneider refused his request to lay down because she said it would be easier to clean the blood from the floor than the bed; that Defendant Schneider refused to dress his wound, that Defendant Schneider and the guard refused to address his complaints of pain and discomfort from the cuffs, and that Defendant Schneider refused to clean off the blood or to allow Mr. Wiggin to clean off his blood and the blood of other inmates or to allow him to clean the blood off of himself.  Dkt. 17, pp. 4-5.

Even if the Court were to consider Defendants' factual challenges, they merely highlight that there are material issues of fact yet to be resolved and that Defendants are not entitled to judgment as a matter of law.

A.    **Plaintiff's Allegations**

Mr. Wiggin sues Nurse Schneider, Shift Lieutenant Mathews, Jane and John Doe Nurses, and Jane and John Doe guards for failing to treat his open wounds and failing to clean him up although he was covered with the blood of other inmates.  Mr. Wiggin claims that he was placed at risk of injury from contaminated blood in his open wounds.  Dkt. 17.  Mr. Wiggin alleges that on May 23, 2013 at 4:30 a.m., several other inmates called him a faggot, attacked him and punched and kicked him multiple times.  He received a 2" gash above his right eye and had other open wounds and abrasions.  Two of the other offenders were also bleeding and Mr. Wiggin claims that he was covered from head to toe in blood with his own blood and blood that belonged

REPORT AND RECOMMENDATION - 3

to the other inmates.  Dkt. 17, p. 3.   Mr. Wiggin also alleges that he suffered injuries to his ankle and shoulder, but was denied a wheelchair and was cuffed behind his back.  *Id.*, p. 4.

At the infirmary, RN Schneider stated that he would need stitches for his eye injury. When Mr. Wiggin asked to lay down while waiting on the ambulance because he was dizzy and felt nauseated, he alleges that Ms. Schneider told the guards to leave him in the chair because she did not want to have to clean up all the blood from the bed and said it would be easier to clean up the blood from the floor.  When one of the guards asked her to dress Mr. Wiggin's wound, she did not do so and she refused Mr. Wiggin's request to clean the other inmates' blood off of him. *Id.*  According to Mr. Wiggin, Ms. Schneider and the guard also refused to address his complaints of pain and discomfort to his shoulder injury and arms caused by the cuffing behind his back.  *Id.*, p. 5.

At the emergency room, Mr. Wiggin received stitches and casts were placed on his right hand and his ankle.  When he returned to the SCCC, Jane Doe Nurse told him he would have to wait on a shower because he was in segregation.  The guards put him in a temporary cell with a shower and TV, but refused to provide him with soap, towel, or plastic bags to cover his casts. *Id.*, pp. 5-6.  Mr. Wiggin alleges that he was bleeding from his stitches but it was not until an hour later that the guards gave him a gauze patch for his stitched wound and left him un-cleaned and without any supplies to clean himself of his blood or the blood of the other inmates for many hours.  *Id.*  Mr. Wiggin was eventually allowed to take a shower around 8 p.m. that night, approximately 16 hours after he was injured.   *Id.*, p. 8.

**B.      Eighth Amendment Claim**

Prison officials are required to insure that inmates receive adequate food, clothing, shelter and medical care.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  An inmate making an Eighth

REPORT AND RECOMMENDATION - 4

Amendment claim for constitutionally inadequate conditions of confinement must allege and prove an objective component and subjective component associated with the deficiency.  The objective component requires conditions sufficiently serious so as to "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.  The subjective component requires proof that prison officer were deliberately indifferent to the prisoner's serious medical needs.  For example, being aware of but "ignor[ing] a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" can constitute deliberate indifference.  *Helling v. McKinney*, 509 U.S. 25, 33 (1993).

Exposure to an unreasonably high risk of harm satisfies the objective component.  In "situations in which exposure to toxic or similar substances [such as infection] would present a risk of sufficient likelihood or magnitude  — and in which there is a sufficiently broad consensus that exposure of anyone to the substance should therefore be prevented — [ ]the Amendment's protection [is] available *even though the effects of exposure might not be manifested for some time*." *Helling*, 509 U.S. at 34 (emphasis added).  "[D]etermining whether [such] conditions of confinement violate the Eighth Amendment requires (1) a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the harmful toxin or infection]" and (2) an "assess[ment] [of] whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk"— i.e., whether "the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36.  *See also*, *Hutto v. Finney*, 437 U.S. 678 (1978) (crowding prisoners into cells with other prisoners suffering from infectious diseases such as hepatitis and venereal disease is a prison condition requiring an Eighth Amendment remedy even though it is not alleged that the likely harm will

REPORT AND RECOMMENDATION - 5

occur immediately and even though the possible infection might not affect all of those exposed).

*See, also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir.2001)("Exposure to human waste, like

few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* and

the more general standards of dignity embodied in the Eighth Amendment.")

Mr. Wiggin alleges that Defendants knew that he had open wounds and that he was

covered in other inmates' blood and that despite this knowledge, Defendants left him exposed to

contamination from that blood over a period of sixteen hours.  He claims that this exposure poses

an unreasonable risk of serious damage to his future health although he does not allege that the

blood of the other inmates was in fact infected or that he in fact contracted an illness from the

exposure.  However, Mr. Wiggin's allegations are sufficient to state an Eighth Amendment

claim.  Mr. Wiggin will be required to prove both the subjective and objective elements of an

Eighth Amendment violation.  Thus, Defendants' motion to dismiss this claim should be denied.

## C.   Department of Corrections (DOC)

Defendants are correct that neither states nor state officials acting in their official

capacities are persons for purposes of 42 U.S.C. § 1983.  *Will v. Michigan Dept. of State Police*,

491 U.S. 48, 71 (1989).  This rule applies equally to state agencies.  *See Kaimowitz v. Board of

Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir.1991); *Johnson v. Rodriguez*, 943 F.2d

104, 108 (1st Cir.1991).  Because it is not a person within the meaning of 42 U.S.C. § 1983, Mr.

Wiggin has not stated a claim against the DOC.

Mr. Wiggin's claim against the DOC is also barred by the Eleventh Amendment.  The

Eleventh Amendment to the United States Constitution bars a person from suing a state in

federal court without the state's consent.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44

(1996); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420,

REPORT AND RECOMMENDATION - 6

421 (9th Cir.1996).  Eleventh Amendment immunity extends to state agencies.  *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101–102 (1984).  Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S. 332 (1979).  Washington has not waived the protection of the Eleventh Amendment.  *Edgar v. State*, 92 Wash.2d 217, 595 P.2d 534 (1979).  Therefore, the DOC is entitled to dismissal with prejudice.

It is noted that in addition to damages, Mr. Wiggin seeks injunctive relief.  While damages must be sought against a person in their individual capacity, injunctive relief must be sought against a person in their official capacity.  The Eleventh Amendment does not prevent prospective injunctive relief.  *See, Edelman v. Jordan*, 415 U.S. 651, 677 (1974).  Thus, to the extent Mr. Wiggin seeks injunctive relief, he must do so against an individual(s) in his/her official capacity.

The undersigned finds that Defendant DOC is entitled to summary judgment on Mr. Wiggin's § 1983 claims against it and the DOC should be dismissed from this action.

**D.   Qualified Immunity**

 "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Messerschmidt v. Millender*, ⸺ U.S. ⸺, ⸺, 132 S.Ct. 1235, 1244 (2012) (*quoting Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken."  *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citation omitted) (*quoting Harlow v.*

REPORT AND RECOMMENDATION - 7

*Fitzgerald*, 457 U.S. 800, 819 (1982)); *Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1050 (9th Cir.2002) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.") (quotation marks and indications of alteration omitted).

Defendants argue that the qualified immunity inquiry here is whether "Mr. Wiggin's desire for a shower upon demand is not a clearly established right under the Eighth Amendment." Dkt. 22, p. 11. Defendants have framed the inquiry incorrectly. For a right to be clearly established, the very action in question need not have previously been held unlawful. *Creighton*, 483 U.S. at 640; *Mattos v. Agarano*, 661 F.3d 433, 442 (9th Cir.2011) (en banc) ("officials can still be on notice that their conduct violates established law even in novel factual circumstances"). Here, the question is whether it would have been clear to a reasonable health care provider or prison official that leaving Mr. Wiggin with open wounds exposed to the blood of other inmates posed such a substantial risk of serious harm that their conduct would be constitutionally impermissible. Thus, Defendants' motion to dismiss on the basis of qualified immunity should be denied.

## CONCLUSION

For the reasons stated above, the undersigned concludes that Defendants' motion to dismiss (Dkt. 22) should be **GRANTED** as to claims against the Department of Corrections and **DENIED** as to Plaintiff's remaining claims**.** Plaintiff's motion to amend (Dkt. 29) should be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections

REPORT AND RECOMMENDATION - 8

will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).   Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 28, 2014**, as noted in the caption.

　　　　DATED this  5th  day of February, 2014.

　　　　　　　　　　　　　　　　　　　Karen L. Strombom
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

REPORT AND RECOMMENDATION - 9