UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES O'NEIL WIGGIN,

    Plaintiff,

v.

RN SCHNEIDER, LT. MATHEWS, JANE DOE SERGEANT,

    Defendants.

CASE NO. 13-5884 RJB/KLS

ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiff James O'Neil Wiggin seeks leave to file a third amended complaint to add seven "Doe" defendants. Dkt. 39; 39-1, at 1, 3-5. Having reviewed the motion, opposition (Dkt. 40), and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

A motion for leave to amend the complaint is governed by Fed. R. Civ. P. 15(a) and LCR 15. Fed. R. Civ. P. 15(a) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the use of "John/Jane Doe" is disfavored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (upholding district court's dismissal of Doe defendants because plaintiff failed to show that further discovery would uncover their identities). Additionally, the Federal Rules of Civil

Procedure do not contain a provision permitting a plaintiff's use of fictitious defendants. *See Fifty Assocs. v. Prudential Ins. Co.,* 446 F.2d 1187, 1191 (9th Cir. 1970).

The use of a "Doe" defendant is acceptable however "where the identity of alleged defendants will not be known prior to the filing of a complaint, ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie,* 629 F.2d at 642.

Mr. Wiggin filed his original complaint in October 2013. Dkt. 1. In December 2013 he filed an amended complaint. Dkt. 17. In February 2014, Mr. Wiggin was granted leave to file his second amended complaint. Dkt. 37. Mr. Wiggin alleges generally that after he was attacked by other inmates, RN Schneider and two guards in the infirmary left him exposed to contamination from the blood of other inmates when they refused to clean up and dress his open wounds. He also alleges that after he was treated at the emergency room, a Jane Doe Nurse and unnamed guards refused to provide him with soap, towel, or plastic bags to cover his casts, or to allow him to shower until around 8 p.m. that night. *See* Dkt. 37.

Mr. Wiggins contends that he must file a third amended complaint to add the seven "Doe" defendants because he does not know who to sue. Dkt. 39, at 4. He also argues that Defendants have been unwilling to provide him with the names of the "Doe" defendants. *Id.*

Documents submitted by Defendants reflect that on February 20, 2014, Mr. Wiggin sent a letter to counsel for Defendants stating that he wished to settle his case for $500.00 but if Defendants chose not to settle, he intended to obtain "additional information of every single nurse assigned in the infirmary, along with every officer … and amend my complaint." Dkt. 40, Exhibit 1, p. 6. On March 18, 2014, Mr. Wiggin sent a letter to counsel for Defendants stating that he seeks a list of every nurse and every custody staff assigned to the infirmary on May 23,

2010 and a list of medical providers who were working on May 23, 2010 "and/or one name of the one P, ARNP, or MD who was responsible for providing care to me or to *offenders in general* who were in the SCCC infirmary on May 23, 2010." *Id.*, p. 7 (emphasis added). Mr. Wiggin again stated that he intended to amend his complaint if the case was not settled. *Id.*

Defendants argue that Mr. Wiggin's requests are overbroad as all staff assigned to the infirmary cannot be parties in this case based on the allegations in Mr. Wiggin's complaint. Defendants also maintain that Mr. Wiggins' March 18, 2014 correspondence was intended to harass or punish Defendants and any staff working the day of May 23, 2013. According to Defendants, Defendant Matthews has identified staff potentially responsive to Mr. Wiggin's letter requests, Defendants have sent all objections and/or responses to interrogatories and requests for production submitted to them, and responses to two requests for admission directed to Defendants Matthews and Jones are due to be mailed to Mr. Wiggin on or before May 5, 2014. Moreover, counsel for Defendants has scheduled a phone conference with Mr. Wiggin on April 29, 2014, during which he expects the parties to discuss Mr. Wiggin's requests for names of medical and custody officials and Defendants' objections. *Id.*, Exhibit 1, ¶ 6.

Based on the foregoing, Mr. Wiggin has failed to show that he cannot discover all necessary parties through proper discovery channels. Additionally, Mr. Wiggin provides no legal basis to amend his complaint to provide seven placeholders for "Doe" defendants who may or may not be related to his claim.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to amend (Dkt. 39) is **DENIED**.

//

//

(2) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 29th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT- 4