UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES O'NEIL WIGGIN,

    Plaintiff,

v.

RN SCHNEIDER, LT. MATHEWS, JANE DOE SERGEANT,

    Defendants.

CASE NO. 13-5884 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE

    Plaintiff James O'Neil Wiggin seeks an extension of the discovery deadline. Dkt. 44. He contends an extension is necessary because Defendants have failed to respond to all of his written discovery requests and failed to produce photographs and video evidence. He also seeks to discover names of additional defendants so that he can send additional written discovery. Finally, he states that counsel for Defendants has ignored his requests to meet and confer. Dkt. 44-1. According to Defendants, Mr. Wiggins has submitted a total of twenty-eight interrogatories, twenty-two requests for production, and fifty-one requests for admission. Defendants have responded to the written discovery they received prior to the filing of this motion. Defendants received four additional sets of discovery signed on the date Mr. Wiggin mailed his motion, including the discovery mentioned in his motion. Mr. Wiggin has also spoken with Defendants' counsel and the parties have worked out an agreement satisfying both

1 parties' concerns regarding Mr. Wiggin's previously submitted written discovery.  Having
2 reviewed the motion, opposition (Dkt. 47), and balance of the record, the Court finds that the
3 motion should be denied.

## RELEVANT BACKGROUND

5 On December 4, 2013, Defendants received Plaintiff's First Set of Interrogatories to
6 Defendant Matthews.  Dkt. 47, Exhibit 1, Declaration of Brian J. Considine, ¶ 2.  On December
7 11, 2013, Defendants received Second Set of Interrogatories and [First] Requests for Production
8 to Defendant Matthews.  *Id.*, Exhibit 1, ¶ 3.  On December 24, 2013, Defendants received
9 Plaintiff's First Set of Interrogatories and Requests for Production to Department of Corrections
10 (DOC).  *Id.*, Exhibit 1, ¶ 4.

11 On January 2, 2014, Defendants filed their motions to dismiss and stay discovery.  Dkt.
12 22.  On February 10, 2014, the Court recommended dismissal of the DOC as a Defendant and
13 recommended denial of the remaining aspects of Defendants' motions to dismiss.  Dkt. 35.  The
14 Court also denied Defendants' motion to stay discovery.  Dkt. 34.  On February 26, 2014, Judge
15 Bryan issued his Order approving the recommendations.  Dkt. 36.

16 On February 27, 2014, Defendants submitted responses and objections to Plaintiff's
17 First Set of Interrogatories to Defendant Matthews and Plaintiff's First Set of Interrogatories
18 and Requests for Production to DOC.  Dkt. 47, Exhibit 1, ¶ 5.  On March 10, 2014, Defendants
19 submitted a supplemental response to Plaintiff's First Set of Interrogatories and Requests for
20 Production to Department of Corrections.  *Id.*, Exhibit 1, ¶ 6.  According to counsel for
21 Defendants, responses to the discovery sent to the DOC was sent as a courtesy in an attempt to
22 help Mr. Wiggin more efficiently engage in discovery even through the DOC was dismissed
23 from the case.  *Id.*, Exhibit 1, ¶ 5.

1       On March 18, 2014, counsel for Defendants received a letter from Mr. Wiggin requesting

2 copies of documents identified as DEFS 1-22 in Defendant's responses and objections to

3 Plaintiff's First Set of Interrogatories and Requests for Production to DOC. Dkt. 47, Exhibit 1, ¶

4 7. On March 31, 2014, Defendants mailed copies of DEFS 1-22 to Mr. Wiggin. *Id.*, Exhibit 1, ¶

5 8. On April 4, 2014, Defendants mailed their responses and objections to Plaintiff's [First] Set

6 of Requests for Production to Defendant Matthews. *Id.*, Exhibit 1, ¶ 9. Defendants also received

7 Plaintiff's First Sets of Requests for Admission to Defendants Matthews and Jones. *Id.*, Exhibit

8 1, ¶ 10.

9       On May 1, 2014, Defendants submitted their responses and objections to Plaintiff's

10 First Sets of Requests for Admission to Defendants Matthews and Jones. Dkt. 47, Exhibit 1, ¶

11 11. Defendants also had a telephonic conference with Mr. Wiggin regarding his submitted

12 discovery requests. *Id.,* Exhibit 1, ¶ 12. For the first time, Mr. Wiggin indicated he had

13 submitted interrogatories and requests for production to Defendant Schneider and Jones.

14 Defendants informed him they never received interrogatories and requests for production to

15 Defendants Schneider and Jones. Mr. Wiggin responded that he had recently mailed new

16 discovery for Defendants Schneider and Jones. *Id.*, Exhibit 1, ¶ 12.

17       According to counsel for Defendants, the parties also discussed production of color

18 copies of photographs and an alleged surveillance video. Dkt. 47, Exhibit 1, ¶ 13. Defendants

19 explained to Mr. Wiggin that he would not be allowed to receive the surveillance video, but they

20 agreed to send him color copies of photographs identified in their discovery requests. Mr.

21 Wiggin also agreed to narrow the scope of his discovery requests for names of medical providers

22 assigned to the infirmary and the segregation housing unit during the time he was present in

23 these two places. Dkt. 47, Exhibit 1, ¶ 13. Defendants agreed to provide information based on

24 Mr. Wiggin's new scope of inquiry related to medical staff. *Id.*

1    On May 2, 2014, Defendants received Plaintiff's Second Set of Requests for Admission
2 to Defendant Matthews.  Dkt. 47, Exhibit 1, ¶ 14. On May 5, 2014, Defendants received
3 Plaintiff's [First] Set of Requests for Admission to Defendant Schneider and Plaintiff's [First]
4 Set of Interrogatories and Requests for Production to Defendant Schneider.  *Id.*, Exhibit 1, ¶ 15.
5 Mr. Wiggin marked them as "second sets," but these were the first sets of discovery received by
6 Defendants for Defendant Schneider.  *Id.*  On May 6, 2014, Defendants received Plaintiff's Third
7 Set of Interrogatories and Requests for Production to Defendant Matthews.  *Id.*, Exhibit 1, ¶ 16.
8    Counsel for Defendants states that Defendants expect to mail responses to Mr. Wiggin's
9 latest written discovery by June 5, 2014.  Dkt. 47, Exhibit 1, ¶ 17.  Defendants also expect to
10 mail supplemental responses to Mr. Wiggin by June 6, 2014.  *Id.*, Exhibit 1, ¶ 18.  The parties'
11 discovery deadline is June 6, 2014.  Dkt. 18.

## DISCUSSION

13    Fed. R. Civ. P. 16 allows a case schedule to be modified "only for good cause and with
14 the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s "good cause" standard primarily
15 considers the diligence of the party seeking the amendment. *Johnson v. Mammoth*
16 *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The pretrial schedule may be modified
17 "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*.
18    Mr. Wiggin fails to show good cause to modify the June 6, 2014 discovery deadline.  The
19 record reflects that at the time he filed his motion for extension, he had received responses and
20 objections to all written discovery except for his requests for admission that had responses due
21 by May 5, 2014.  Dkt. 47, Exhibit 1, ¶¶ 5-9, 11.  Additionally, Mr. Wiggin filed his motion even
22 though he knew that he had a telephone conference with Defendants' counsel to meet and confer

1  about his discovery on May 1, 2014[1]. *See* Dkt. 44, at 3. During that telephone conference, Mr.
2  Wiggin agreed to narrow the scope of his questions/requests and the Defendants agreed to
3  supplement their discovery responses based on the new focus of Mr. Wiggin's questions and
4  requests. Dkt. 44, Exhibit 1, ¶¶ 12-13.

   Accordingly, it is **ORDERED:**

   1) Plaintiff's motion for an extension of the discovery deadline (Dkt. 44) is **DENIED.**

   2) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

   **DATED** this __22nd__ day of May, 2014.

   *[signature]*
   Karen L. Strombom
   United States Magistrate Judge

---

[1] Mr. Wiggin's motion is dated April 30, 2014. Dkt. 44, p. 5.

ORDER DENYING PLAINTIFF'S MOTION TO
EXTEND DISCOVERY DEADLINE- 5