UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES O'NEIL WIGGIN,

                Plaintiff,

     v.

RN SCHNEIDER, LT. MATHEWS, JANE DOE SERGEANT,

                Defendants.

No. C13-5884 RJB-KLS

**REPORT AND RECOMMENDATION**
**Noted For:  July 7, 2014**

Before the Court is Plaintiff's voluntary motion to dismiss.  Dkt. 49.  Defendants do not object to the motion, but request that the dismissal be with prejudice.  Dkt. 50.  The undersigned recommends that the motion be granted and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff James Wiggin filed his original complaint in this 42 U.S.C. ¶ 1983 case on October 7, 2013.  Dkt. 1.  He filed his first amended complaint on December 5, 2013.  Dkt. 17.  On January 2, 2014, Defendants moved to dismiss the complaint and Mr. Wiggin moved to amend.  Dkts. 22 and 29, respectively.  The Court denied the motion to dismiss and granted Mr. Wiggin leave to file a second amended complaint.  Dkts. 35 and 36.  On February 26, 2014, Mr. Wiggin filed his second amended complaint.  Dkt. 37.  On March 12, 2014, Defendants filed their answer to the second amended complaint.  Dkt. 38.  Defendants assert no counter-claims.

REPORT AND RECOMMENDATION - 1

*Id.* Mr. Wiggin's subsequent motions to file a third amended complaint and to extend the discovery deadline (Dkts. 39 and 44) were denied. Dkts. 42 and 48, respectively. On May 29, 2014, Mr. Wiggin filed a motion to withdraw his complaint.

## DISCUSSION

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper ...." Fed.R.Civ.P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).

A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir.1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal."). Rule 41 provides that orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice. Fed. R. Civ. P. 41(a)(2); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). However, the rule gives the Court a broad grant of discretion and it "does not contain a preference for one kind of dismissal or another." *Hargis*, 312 F.3d at 412; 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2367 (3d ed. 2007) ("if the

REPORT AND RECOMMENDATION - 2

plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice.").

Mr. Wiggin does not indicate his preference for the type of dismissal he seeks. In addition, Mr. Wiggin fully engaged Defendants in this litigation prior to filing the motion to withdraw his complaint. He filed several motions amending his complaint and submitted numerous discovery requests. Dkts. 12, 20, 39, 44, 47. His motion for voluntary dismissal was filed shortly before the June 6, 2014 discovery cutoff. Dkt. 18, 49. Mr. Wiggin had a full and fair chance to litigate his case but is now choosing to end his litigation. Therefore, the Court should grant Plaintiff's motion to with draw his complaint (Dkt. 49) and dismiss this matter with prejudice.

**WRITTEN OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 7, 2014**, as noted in the caption.

**DATED** this  16th  day of June, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3